UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYSHAWN WILLIAMS,

Plaintiff,

-against-

HUDSON CORRECTIONAL FACILITY,

Defendant.

26-CV-7263 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Hudson Correctional Facility in Hudson, Columbia County, New York, brings this *pro se* action, alleging that he was subjected to excessive force at Hudson Correctional Facility. The Court understands the complaint to be asserting claims for constitutional violations under 42 U.S.C. § 1983. Plaintiff names Hudson Correctional Facility as the sole defendant. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Northern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff sues Hudson Correctional Facility and alleges that the events giving rise to his claims occurred at Hudson Correctional Facility. Hudson Correctional Facility is located in Columbia County, New York, which falls within the Northern District of New York. *See* 28 U.S.C. § 112(a). Because Defendant does not reside in this district and the events giving rise to Plaintiff's claims did not occur in this district,[1] this court is not a proper venue for this action under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose at Hudson Correctional Facility, in the Northern District of New York. Accordingly, venue lies in the Northern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Northern District of New York, 28 U.S.C. § 1406(a).

**CONCLUSION**

The Clerk of Court is directed to transfer this action in the interest of justice to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[2] A summons shall not issue from this court. This order closes this case in this court.

---

[1] This district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

[2] Plaintiff filed the complaint in this action without an application to proceed *in forma*

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 3, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

*pauperis* or a prisoner authorization.